IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-cr-00192-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC CHARLES WELTON,

    Defendant.

ORDER

This matter comes before the court *sua sponte*. Defendant is charged with two counts of threatening a federal official. DE 16. The charges arise from his alleged threats to assault and murder a United States Senator, his staff, United States Marines stationed abroad, and others working in a federal consulate, for performing their official duties. *See id.*

On November 20, 2023, the court received a letter from Defendant charging his attorney with "materially misrepresenting me to the prosecution" and "not respon[ding] to my written instructions nor participa[ing] in my case." DE 26. He further writes that he "is expected to sit quietly while [his attorneys] author a work of fiction which, if I sign, will purchase my freedom with a currency of lies." *Id.* He appears to believe, therefore, he must "mount a vigorous solo campaign" to clarify the record, a goal he currently prioritizes "even more than the final disposition of this matter." *Id.* He also explains his persecutory suspicion against certain law enforcement and government officials. *Id.* He later sent two letters similarly indicating his lack of trust in his retained lawyers, his intent to pursue his own defense, and his suspicion of persecution by certain officials. DE 28; DE 29.

At his arraignment, when prompted by the court, defense counsel elaborated on the extent of their communication breakdown with Defendant, including Defendant's refusal to meet with them to discuss the case and his desire to communicate only through writing. *See generally* DE 27. Neither the defense counsel nor the government objected to the court's proposal to order an evaluation under 18 U.S.C. § 4241.

The court may order a competency evaluation and hearing "on its own motion" when the court has "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a), (b). In light of the nature of the charges, Defendant's numerous letters indicating persecutory suspicion and a lack of trust in official systems, defense counsel's representations explaining the nature of their interactions with Defendant, and the parties' positions with respect to an order for a competency evaluation, there is "reasonable cause" to believe Defendant may be suffering from a due to a "mental disease or defect rendering him mentally incompetent" to meaningfully participate in his defense. *See* 18 U.S.C. § 4241. The court ORDERS the following:

1. Defendant shall submit to a psychiatric or psychological examination by a properly qualified professional (or professionals) for a reasonable period, but not to exceed thirty days, at FMC Butner, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

2. The examining professional(s) shall issue a report determining "whether the [defendant] is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," pursuant to 18 U.S.C. §§ 4241 and 4247(c).

3. Once the report is complete, the examining professional(s) shall file the report with the court, pursuant to 18 U.S.C. §§ 4241(b) and 4247(c).

Upon the filing of the report, the court will schedule a hearing to adjudicate Defendant's competency to stand trial pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). The court will also entertain further pretrial motions from the parties arising from the results of the examination.

Because of Defendant's competency examination and hearing, Defendant's trial and any pending deadlines in this matter other than those set forth within this order are hereby CONTINUED until further order of this court. The court has determined that the ends of justice outweigh the best interests of the public and Defendant in a speedy trial. The delay occasioned by this order shall therefore be excluded in computing Defendant's speedy-trial time. *See* 18 U.S.C. § 3161(h)(7)(A).

SO ORDERED this 15th day of December 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE