IN THE UNITED STATES DISRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-00192-M-RJ-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | MOTION TO SUSPEND EXAMINATION ORDER |
| | : | |
| ERIC CHARLES WELTON | : | |

NOW COMES Eric C. Welton, by and through the undersigned counsel, and moves the court to suspend, or hold in abeyance, the order entered by this Court on December 15, 2023 directing that Welton submit to a psychiatric/psychological examination (D.E. 33) until such time as the undersigned counsel can present additional information for the Court to consider regarding Welton's lack of need for such examination. In support thereof, Welton shows unto the Court the following:

1. The issue of Welton's competence was raised, as permitted under 18 U.S.C. § 4241(a), by the court *sua sponte* on December 13, 2023 upon its finding of reasonable cause to believe Welton may be suffering from a mental disease or defect rendering him mentally incompetent. 18 U.S.C. § 4241(a). By order dated December 15, 2023, the court ordered that an examination of a defendant be conducted and that a report be prepared and filed with the court containing, among other things, the examiner's opinion as to whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent. 18 U.S.C. §§ 4241(b) and 4247(c)(4)(A) (D.E. 33).

2. It appears that the competency issue was raised at or prior to a hearing originally noticed for Welton's arraignment (Text Entry on November 28, 2023), apparently for the first time and without prior notice to Welton.[1]

---

[1] On December 4, 2023, Welton's prior attorney, since June 2, 2023 (D.E. 10) filed a "notice" with the court indicating that Welton had refused, but not until approximately one week before the "arraignment", to meet with him and, for that reason, that the arraignment may need to be continued as he "had been unable to ascertain the Defendant's intended course." The notice did not contain any reference to or express any concern about Welton's competence. D.E. 27. The three prior motions to continue the arraignment (D.E. 22, 23 and 24) also did not contain any reference to or concern about Welton's competence or indicate that Welton had previously refused to meet with his prior attorney.

3. The court's order recites passages from a letter received by the court from Welton on November 20, 2023 (D.E. 26), and references two letters sent by Welton to the court on December 11 and 12, 2023 (D.E. 28 and 29) "similarly indicating his lack of trust in his retained lawyers, his intent to pursue his own defense, and his suspicion of persecution by certain officials." Order at 1. Finally, the order indicates, without further detail, that defense counsel "elaborated on the extent of their communication breakdown with [Welton]" and explained "the nature of their interactions with [Welton]."

Based on these letters, the court concluded that, in addition to the nature of the charges against Welton and the absence of any objection from Welton's counsel or the government, there was reasonable cause to believe that Welton may presently be suffering from a mental disease or defect sufficient to satisfy the requirements of 18 U.S.C. § 4241(a). Order at 2.

4. At the time the court proposed an examination of Welton and sought counsel's input, Welton was represented by an attorney who, by his own admission, was "ethically prohibited from further representing [Welton]" and whose continued representation of Welton was "not in [Welton's] best interests." *See* Motion to Withdraw at 1 (D.E. 31); *see also* Order at 2 (D.E. 33)(noting that defense counsel did not object "to the court's proposal to order an evaluation under 18 U.S.C. § 4241").

5. Since entering this case on December 18, 2023 (D.E. 24), the undersigned has repeatedly attempted to determine the details of the information that Welton's attorney provided to the court, either before or during the hearing, when he "elaborated on the extent of their communication breakdown with [Welton]" and explained "the nature of their interactions with [Welton]."

The undersigned sent an email to Welton's prior attorney on December 19, 2023 requesting the above information, in a written memo, and then three (3) separate emails three full business days later on December 22, 2023 repeatedly requesting the above information.

6. As of the date of the filing of this motion, Welton's prior attorney has refused to provide any information about the hearing or to disclose information he provided to the court. Other than not objecting to the court's proposal, it is unclear if the prior attorney knew about or offered to explain the context in which the letters referenced by the court were written, or knew about or provided the court with the background information regarding what the court characterized as Welton's "persecutory suspicion against certain law enforcement and government officials."

7. The undersigned also contacted AUSA Charity L. Wilson, who represented the government at the "arraignment," and the court reporter, Risa Kramer, and has discussed the hearing with Welton. It appears that much/most of the substantive discussion regarding the competency issue may have occurred during a routine and ordinary "in-chambers" discussion with the court prior to the arraignment, which does not appear to have been recorded or attended by a court reporter.[2]

8. The undersigned is not of the opinion that Welton is suffering from a mental disease or defect to the extent required by 18 U.S.C. § 4241(a), that is, **to the extent** that he is (1) unable to understand the nature and consequences of the proceedings against him, or (2) to assist properly in his defense.[3] Welton does not believe that he is suffering from a mental disease or defect and does not want his principle case to be delayed by an unnecessary psychiatric examination.

---

[2] The undersigned has appeared with the government on numerous occasions in similar "in-chamber" conversations with our courts, and mentions these circumstances only to explain other efforts he has undertaken to learn about the nature and circumstances of the hearing.

[3] In light of the circumstances giving rise to Welton's distrust of his prior attorney, Welton certainly appears to have been "unwilling," as a result of a conscious and reasoned decision, to assist his attorney in his defense, but that is a far different matter than being "unable" to do so due to a mental disease or defect.

Based on the undersigned's involvement in this case to date, there is also no doubt that Welton understands the nature and consequences of the proceedings against him -- that he also prioritizes the need to clarify and correct misrepresentations he believes were made about him, even though they are not as important as or directly related to the final disposition of his current charges, speaks more to his ethics, honor and commitment to the truth than to an inability, due to a mental disease or defect, to understand the nature of the charges or the consequences that he potentially faces.

9. Since appearing on this matter on December 18, 2023 (D.E. 34), the undersigned has met personally with Welton, on December 21, 2023, has had extensive communications with Welton's family about his past personal and medical issues and has reviewed hundreds of pages of documents, prepared cogently and logically by Welton personally, containing a detailed outline of every aspect of his case, from the time he voluntarily travelled from his residence in Thailand to the United States in an effort to visit his ailing father in Iowa, to his arrest on the instant charges when his plane landed in Atlanta, Georgia. The undersigned has also reviewed hundreds of pages of similarly-prepared and similarly-detailed records of Welton's interactions, meetings and requests of his prior attorney since the attorney was retained and filed a notice of appearance in this matter in June 2023.

10. If Welton is permitted the opportunity to do so, his comments regarding his dissatisfaction with and distrust of his prior counsel can be logically and rationally explained for reasons unrelated to any perceived mental health issue, as can his "persecutory suspicion against certain law enforcement and government officials."

11. Another hearing may not cause the court to change its finding that there is reasonable cause to believe that Welton is presently suffering from a mental disease or defect rendering him mentally incompetent.

Regardless, Welton submits that he should be entitled, at a minimum, to be represented at the stage of the proceedings where that initial determination is being made by an attorney who is aware of the circumstances surrounding the conduct and statements which contributed to the court's finding, and who is not ethically prohibited from representing Welton or conflicted from protecting Welton's best interests before the court.

12. The undersigned has attempted on several occasions to contact AUSA Lori B. Warlick, in order to determine the government's position regarding the instant motion, but has been unable to reach AUSA Warlick while she is on leave.

4
Case 5:23-cr-00192-M-RN   Document 35   Filed 12/27/23   Page 4 of 5

13. To the extent that it is necessary, given the court's order on December 15, 2023, Welton agrees that the ends of justice served by the granting of this motion outweigh his best interests and those of the public in a speedy trial and that the period of delay occasioned by the granting of this motion should be excluded in computing the time in which the trial must commence, pursuant to 18 U.S.C. §§ 3161(b)(1)(D) and (h)(7).

WHEREFORE, for the reasons set forth above, Welton respectfully requests the court to suspend, or hold in abeyance, the order directing that Welton submit to a psychiatric/psychological examination until such time as the undersigned counsel can present additional information for the Court to consider regarding Welton's lack of need for such examination.

Respectfully submitted, this the 27th day of December, 2023.

SCOTT L. WILKINSON & ASSOCIATES, P.C.

BY: /s/ Scott L. Wilkinson
N.C. State Bar No. 14431
CJA Appointed Counsel for Eric C. Welton
2802 Anderson Drive, Suite 101
Raleigh, N.C. 27608-1506
Telephone: (919) 614-4944

**CERTIFICATE OF SERVICE**

I hereby certify that I have, on this the 27th day of December, 2023, electronically filed the foregoing Motion To Suspend Examination Order with the Clerk of Court using CM/ECF system which will send notification of the same to the United States, as follows:

Lori B. Warlick
Assistant United States Attorney

/s/ Scott L. Wilkinson
CJA Appointed Counsel for Eric C. Welton