IN THE UNITED STATES DISRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-00192-M-RJ-1

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | MOTION IN LIMINE |
| | : | |
| ERIC CHARLES WELTON | : | |

NOW COMES Eric C. Welton, by and through the undersigned counsel, and moves the court, pursuant to Federal Rules of Criminal Procedure, Rule 12(b)(1),[1] and Federal Rules of Evidence, Rules 104(d), 401 and 611(b), to prevent the cross-examination of Welton at the hearing scheduled for January 8, 2024 on other issues in the case, specifically, issues related to his guilt or innocence on the offenses charged in the Indictment, and in support thereof, shows unto the Court the following:

1. On December 29, 2023, the court entered an order, upon motion of Welton, suspending a prior order (D.E. 33) finding reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect and requiring Welton to submit to a psychiatric examination pursuant to 18 U.S.C. § 4142 (D.E. 36). The court set the matter for hearing on January 8, 2024.

2. It is anticipated that Welton will be called as a witness at the hearing in support of his position that he is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241

---

[1] On January 1 and 2, 2024, Welton emailed the government to request an opportunity to discuss limitations on the government's cross-examination of Welton at the hearing on January 8, 2024, taking the position that issues related to his guilt or innocence on the pending charges was not relevant to the court's inquiry regarding Welton's competence and that the government could still argue the "nature of the charges" referenced by the court its order of December 15, 2023 (D.E. 33). The government responded by email on January 2, 2024 advising that it would "have to cross-examine Welton about anything it could, including the charged conduct." Allowing time for necessary legal research, this motion is being filed promptly one day after being advised of the government's position. Under these circumstances, Welton requests the court find "good cause" under Fed. R. Crim. P. Rule 47(c) to permit the filing of this motion less than 7 days before the hearing date.

**ARGUMENT**

Welton submits that cross-examination of him on issues related to his guilt or innocence on the charges in the indictment is statutorily prohibited under Fed. R. Crim. P. Rule 104(d) and would not be relevant to the court's inquiry regarding Welton's mental competence under § 4241(a), and that the government should not be permitted to cross-examine Welton "about anything it can, including the charged conduct."

There is no doubt that a defendant who testifies **at a trial** is subject to the same rules as any other witness and may be impeached, contradicted, made to give evidence against himself, cross-examined on new matters and treated in every respect, with some overriding constitutional or statutory provisions, as any other witness. *Fitzpatrick v. United States*, 178 U.S. 304, 20 S.Ct. 944, 55 L.Ed. 1078 (1900). The above rule does not and should not apply, however, if the defendant testifies for a limited purpose during a pretrial hearing, as is contemplated at the hearing on January 8, 2024.

Fed. R. Crim. P. Rule 104(d), entitled "Cross-Examining a Defendant in a Criminal Case," specifically provides that "[b]y testifying on a preliminary question, a defendant in a criminal case does not become subject to cross-examination on other issues in the case." Welton has not found a case that has addressed the applicability of Rule 104(d) in a hearing, essentially under 18 U.S.C. § 4241(a), to determine the preliminary question of whether there is reasonable cause to believe that Welton may presently be suffering from a mental disease or defect.

At the same time, Welton sees no reason why the court's initial determination of "reasonable cause," under the very first paragraph of § 4241, should not qualify as a "preliminary question" for purposes of Rule 104(d). The finding of "reasonable cause" required by §4241(a) is a condition precedent to the court's statutory authority under the subsequent provisions of § 4241, to commit a defendant for a psychiatric examination and to order that such an examination be conducted, to order that a report be prepared and filed with the court and, if necessary, to subsequently commit a defendant for hospitalization for treatment to attain capacity.

As such, Welton also does see any reason why Rule 104(d) should not apply in this setting to limit the government's ability to cross-examine Welton on "other issues in the case," including, but not limited to, questions concerning his guilt or innocence on the underlying charges. Indeed, the Notes of the Advisory Committee on Proposed Rules regarding Subdivision (d) indicates it was specifically and purposefully "designed to encourage participation by the accused in the determination of preliminary matters," so that an accused "may testify concerning them without exposing himself to cross-examination generally." *See also* Fed. R. Crim. P. Rule 611(b)(providing that the scope of cross-examination "should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility," but allowing the court to permit inquiry into additional matters to promote the orderly presentation of evidence).

Finally, Welton submits that cross-examination related to his guilt or innocence on the charges in the indictment would not be relevant to the court's inquiry regarding his mental competence under § 4241(a). Fed. R. Evidence Rule 401. Welton does not oppose any argument the government may make regarding the "nature of the charges" referenced by the court its order of December 15, 2023 (D.E. 33).

WHEREFORE, for the reasons set forth above, Welton respectfully requests the court to prevent the cross-examination of Welton at the hearing scheduled for January 8, 2024 "on other issues in the case," specifically, issues related to his guilt or innocence on the offenses charged in the Indictment

Respectfully submitted, this the 3rd day of January, 2024.

               SCOTT L. WILKINSON & ASSOCIATES, P.C.

         BY:  /s/ Scott L. Wilkinson
             N.C. State Bar No. 14431
             CJA Appointed Counsel for Eric C. Welton
             2802 Anderson Drive, Suite 101
             Raleigh, N.C. 27608-1506
             Telephone: (919) 614-4944

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 3rd day of January, 2024, electronically filed the foregoing Motion In Limine with the Clerk of Court using CM/ECF system which will send notification of the same to the United States, as follows:

Lori B. Warlick
Assistant United States Attorney

/s/ Scott L. Wilkinson
CJA Appointed Counsel for Eric C. Welton