1  **UNITED STATES DISTRICT COURT**

2  **EASTERN DISTRICT OF NORTH CAROLINA**

3                                      )
   **UNITED STATES OF AMERICA,**       )
4                                      )   **DOCKET NO. 5:23-CR-192-1M**
                          **Plaintiff,**   )
5                                      )
   **vs.**                             )
6                                      )
   **ERIC CHARLES WELTON,**            )
7                                      )
                          **Defendant.**   )
8  _____

9  **TRANSCRIPT OF INITIAL APPEARANCE**
   **BEFORE MAGISTRATE JUDGE ROBERT B. JONES, JR.**
10 **FRIDAY, JUNE 23, 2023; 11:58 AM**
   **WILMINGTON, NORTH CAROLINA**
11

12 **FOR THE GOVERNMENT:**
       United States Attorney's Office - EDNC
13     By:  Lori Warlick, AUSA
       150 Fayetteville Street
14     Suite 2100
       Raleigh, NC 27601
15

16 **FOR THE DEFENDANT:**
       Dysart Willis
17     By:  Christian E. Dysart, Esq.
       530 Hillsborough Street
18     Suite 200
       Raleigh, NC 27603
19
    Audio Operator:              Clerk's Office Personnel
20

21                     eScribers, LLC
                   7227 N. 16th Street
22                     Suite 207
                   Phoenix, AZ 85020
23                   800-257-0885
                   www.escribers.net
24
    Proceedings recorded by electronic sound recording; transcript
25              produced by transcription service.

Colloquy

1                     P R O C E E D I N G S

2          MS. WARLICK:  Morning, Your Honor.

3          MR. DYSART:  Good morning, Your Honor.

4          THE COURT:  Mr. Dysart, are you retained or appointed

5    in this case?

6          MR. DYSART:  My firm's been retained, Your Honor.

7          THE COURT:  Okay.  All right.

8          MR. DYSART:  We did file a notice of appearance.  I

9    think that there has been a slight change to the case file

10   number because of the recent indictment that came in, and it's

11   now been assigned to Chief Judge Myers.  But I did check the

12   docket prior to this proceeding and confirmed that our notice

13   of appearance still show.

14         THE COURT:  All right.  Very good.

15         MR. DYSART:  Thank you, Judge.

16         THE COURT:  All right.  So Mr. Welton, we're here for

17   your first appearance in this district regarding a two-count

18   indictment that's been filed in this matter.  The purpose of

19   this hearing is for me to inform you of those two counts,

20   those charges, make sure that you understand those, as well as

21   the maximum punishment you face if found to be guilty of those

22   alleged offenses.  I will also be advising you of the rights

23   that you have in this case as this case proceeds and provide

24   you with information on what may happen in your case after

25   today.

1          Mr. Dysart, you have a copy of the indictment there?

2          MR. DYSART:  I do, Your Honor.  Thank you.

3          THE COURT:  All right.  So Mr. Welton's two-count

4     indictment, Count I alleges as follows:  that on or about

5     September 29 of 2021, in the Eastern District of North

6     Carolina and elsewhere, that you did threaten to assault and

7     murder a United States senator and his staff with the intent

8     to retaliate against the United States senator and his staff

9     on account of the performance of their official duties in

10    violation of Title 18 of United States Code Sections

11    115(a)(1)(B) and (e).

12         And then Count II alleges that on or about November

13    the 2nd of 2022, in the Kingdom of Thailand, a location

14    outside the territory of the United States, that you did

15    threaten to assault and murder United States Marines and

16    others working at the United States Consulate in Chiang Mai,

17    Thailand, with the intent to retaliate against the United

18    States Marines and others working at the United States

19    consulate in Chiang Mai, Thailand, on account of their

20    performance of their official duties in violation of Title 18

21    of United States Code Sections 115(a)(1)(B) and (e).

22         So those are the two counts alleged against you.

23         Could the government advise as to maximum punishment

24    Mr. Welton faces if found to be guilty of these offenses?

25         MS. WARLICK:  Yes, Your Honor.  The penalties for

Colloquy

1    Count I and II are the same.  If the threat made was to kidnap

2    or murder, you face not more than ten years in prison, a fine

3    not to exceed 250,000 dollars, or both fine and imprisonment,

4    not more than three years of supervised release, not more than

5    two years' imprisonment upon revocation of supervised release,

6    a 100-dollar special assessment, and restitution if

7    applicable.

8          If the threat was merely to assault, the maximum

9    penalty for -- of imprisonment is reduced to six years in

10   prison.

11         THE COURT:  So if the threat was to kidnap or murder,

12   the maximum punishment is not more than ten years of

13   imprisonment -- well, the maximum term of imprisonment is not

14   more than ten years.  If it's a threat to assault, the

15   maximum -- the imprisonment term is not more than six years of

16   prison.  Is that right?

17         MS. WARLICK:  Yes, Your Honor.

18         THE COURT:  And then --

19         MS. WARLICK:  The remaining --

20         THE COURT:  And then everything else is the same:  a

21   fine not more than 250,000 dollars, not more than three years

22   of supervised release, two years in prison if supervised

23   release is revoked, special assessment of 100 dollars, and

24   restitution if applicable, right?

25         MR. DYSART:  Yes, Your Honor.

Colloquy

1          THE COURT:  Okay.  And that is per offense, correct?

2     I and II?

3          MS. WARLICK:  Yes, Your Honor.

4          THE COURT:  All right.

5          MR. DYSART:  Yes, Your Honor.

6          THE COURT:  All right.  Mr. Welton, sir, you

7     understand these two counts, as well as the maximum punishment

8     you face if found to be guilty of each of those?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Okay.  All right.  Under the Constitution

11    and the laws of the United States, you have the following

12    rights.  You have the right to remain silent.  This means that

13    no one can require you to answer any questions or make any

14    statements about the charges that you face.  This is a right

15    that you can waive or give up.  So after knowing of your right

16    to silence, if you decide to answer any questions or make any

17    statements, whatever you say can be used against you.

18         On a later date, you'll be called upon to enter a

19    plea to the charges that have been filed against you in this

20    case.  Your plea can be either guilty or not guilty.  If you

21    decide to plead guilty, there will be no trial in your case

22    because you will be admitting that you committed the crimes

23    charged against you.  However, if you decide to plead not

24    guilty, there will be a trial, and at a trial, you are

25    presumed to be innocent.  There is no burden on you to prove

Colloquy

1   anything.

2            Instead, the burden will be on the government to

3   prove you guilty beyond a reasonable doubt.  Typically, the

4   government would do this by calling witnesses that come to

5   court and testify at trial in open court.  These witnesses

6   will be placed under oath, and they will testify from the

7   witness stand.  After the government finishes asking these

8   witnesses questions, you or your attorney will be led to

9   question them.  This process is called cross-examination.

10  These rights are related to your right under the Constitution

11  to confront witnesses against you.

12           At a trial, you have the right to present evidence on

13  your own behalf.  This includes the right for you to testify,

14  but only if you wish to do so.  You cannot be required to

15  testify, and that is because of the right of silence I've

16  informed you of this morning.  If you choose not to testify,

17  the judge may not, from that fact, assume that you're guilty.

18  The judge will also instruct the jury that they may not assume

19  your guilt from your silence.

20           You have the right to use the subpoena power of this

21  Court to make witnesses who are favorable to your case to come

22  to court and testify on your behalf.  You have the right to

23  have a jury trial.  You have the right to be represented by an

24  attorney and to hire an attorney yourself.  If you cannot

25  afford an attorney, you may be entitled to have the Court

Colloquy

1    appoint one for you.  And if the Court does that, and you're

2    found to be guilty, you may be required to repay part of or

3    the entire cost of your appointed counsel.

4         Okay.  So what is the position of the government on

5    liberty status here and the status of his detention?

6         MS. WARLICK:  Your Honor, the magistrate judge in

7    Atlanta ordered his detention after a contested detention

8    hearing.

9         THE COURT:  Okay.  So a hearing was held down in the

10   Northern District of Georgia?

11        MR. DYSART:  Yes, Your Honor.  And we're not asking

12   to be heard on that issue today.

13        THE COURT:  Okay.

14        MR. DYSART:  I've consulted with the government.  At

15   some later time, at the appropriate time, we would always --

16   could file something to ask that that matter be reopened here,

17   but we're not asking to reconsider that today.

18        THE COURT:  Okay.  Mr. Welton, sir, have you heard

19   and understood everything I've said to you this morning?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  Okay.  Unless it's already been done --

22   well, even if it has been done in the Northern District of

23   Georgia, the Court reminds the prosecution and defense of the

24   following:  that is the government disclosure obligation under

25   Brady v. Maryland, and cases following Brady, and the possible

1  consequences of violating such order under applicable law.
2  Brady, and cases following, require prosecutors to disclose
3  exculpatory evidence that is in the government's possession to
4  the defense.  The failure by the government to comply with
5  this disclosure obligation may result in the reversal of a
6  conviction, the vacation of a sentence, or the imposition of
7  sanctions against individuals responsible for the violation,
8  among other consequences.
9         Okay.  Is there anything further regarding Mr.
10 Welton's case?
11        MR. DYSART:  Not from the defense, Your Honor.
12        THE COURT:  Government?
13        MS. WARLICK:  No, Your Honor.
14        THE COURT:  Okay.  Thank you very much.
15        MR. DYSART:  Thank you, Judge.
16        THE BAILIFF:  All rise.
17             (Court is adjourned)
18                 * * * * *
19
20
21
22
23
24
25

1  CERTIFICATE OF TRANSCRIBER

2

3          I, Melinda Friedland, court-approved transcriber, in

4  and for the United States District Court for the Eastern

5  District of North Carolina, do hereby certify that pursuant to

6  Section 753, Title 28, United States Code, that the foregoing

7  is a true and correct transcript from the official electronic

8  sound recording of the proceedings held in the above-entitled

9  matter and that the transcript page format is in conformance

10  with the regulations of the Judicial Conference of the United

11  States.

12

13          Dated this 16th day of January, 2024.

14

15          /s/ Mfriedland

16  _____

17  MELINDA FRIEDLAND, CDLT-268

18  COURT-APPROVED TRANSCRIBER

19

20

21

22

23

24

25