```
                UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                      WESTERN DIVISION

--------------------------------------------------------

UNITED STATES OF AMERICA,

                Plaintiff,

     -vs-                       Case No. 5:23-CR-192-M-RN-1


ERIC CHARLES WELTON,

                Defendant.

-------------------------------------------------------

                 DOCKET CALL FOR ARRAIGNMENT
                      DECEMBER 13, 2023
            THE HONORABLE CHIEF JUDGE RICHARD E. MYERS II
                  UNITED STATES DISTRICT JUDGE



        A P P E A R A N C E S


        On Behalf of the Government

        CHARITY L. WILSON
        United States Attorney's Office - EDNC
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601


        On Behalf of the Defendant

        CHRISTIAN EMERSON DYSART
        Dysart Willis
        530 Hillsborough Street, Suite 200
        Raleigh, North Carolina 27603



                    Risa Kramer, RMR, CRR
                     Official Court Reporter
                  United States District Court
                   Wilmington, North Carolina
```

<pre>
1                    TRANSCRIPT OF PROCEEDINGS
2                (Proceedings commenced at 10:02 a.m.)
3                THE COURT:  All right.  Good morning,
4   everyone.  If the clerk would please call the cases.
5                (Other cases were called by the clerk.)
6                THE CLERK:  United States of America versus
7   Eric Charles Welton.
8                MR. DYSART:  Good morning, Your Honor.
9   Christian Dysart on behalf of Mr. Welton.  That will not
10  be for arraignment this morning.  I think that we need
11  to address counsel.
12               THE COURT:  Okay.
13               MR. DYSART:  Thank you, Your Honor.
14               And our understanding from the Marshals is
15  that he's still in transit.
16               THE COURT:  Okay.
17               MR. DYSART:  Thank you.
18               THE COURT:  Thank you, counsel.
19               (The foregoing concluded at 10:03 a.m.)
20               (The following commenced at 11:34 a.m.)
21               THE COURT:  All right.  If the clerk would
22  please call the case.
23               THE CLERK:  United States of America versus
24  Eric Charles Welton.
25               THE COURT:  Counsel, please state your
</pre>

1  appearance for the record.

2        MS. WILSON:  Good morning, Your Honor.

3  Charity Wilson on behalf of the government.

4        MR. DYSART:  Good morning, Your Honor.

5  Christian Dysart on behalf of the defendant, Eric

6  Welton.

7        THE COURT:  And, Mr. Dysart, the Court

8  understands that you've been having difficulty

9  communicating with your client.  Is that correct?

10        MR. DYSART:  I believe that was communicated

11  clearly through --

12        THE COURT:  I've seen the letters.

13        MR. DYSART:  -- Mr. Welton's pro se filings

14  with the Court.  Yes, Your Honor.

15        THE COURT:  All right.  I've read the pro se

16  filings in this matter.

17        Mr. Welton, do you believe that there has

18  been a breakdown in the communications between you and

19  your counsel?

20        THE DEFENDANT:  Yes, Your Honor.  And I have

21  additional statements, if they would add any

22  clarification.

23        MR. DYSART:  I would counsel against making

24  statements on the record.

25        THE COURT:  All right.  What I'm going to

do -- what I'm going to do is order that you have new

counsel appointed for you at the government's expense.

I'm also gonna order -- on the basis of the

letters, the nature of the breakdown of the

communication, and everything that has been observed by

the Court -- an evaluation, which I believe may be in

your best interest pursuant to 4246. I'm gonna order an

evaluation and order that you get new counsel appointed

to you.

Mr. Willis is retained counsel. He also

agrees that it appears there's been a breakdown in

communication. So I'm going to order that he engage in

an orderly transition of all your materials to your new

counsel as soon as appointed counsel appears in your

case. And we'll take -- we'll make sure that he remains

in a position to make whatever transition is necessary.

He's an officer of the Court, and I completely trust him

to do that.

And then once he is done with that, the

Court's order is that he is relieved of all the

responsibility until the transition takes place; and

once the transition of materials takes place, the law

firm Dysart and Willis is relieved from the case.

MR. DYSART: Thank you, Your Honor.

THE COURT: All right. So we're gonna

continue this matter on the basis of the Court ordering
an evaluation pursuant to 4246 on the basis of the
materials that have been provided to the Court.  I am
going to -- it's going to take some time to figure that
part out.  I'm hoping that new counsel appears, and to
the extent new counsel appears and seeks to intervene in
any way regarding that decision, we'll have new counsel
talk to the Court about that decision.  But as we now
stand, I'm ordering both the evaluation, the termination
of Dysart and Willis as counsel, and entry of appointed
counsel at government expense.

MR. DYSART:  Your Honor, pursuant to what
the Court has just ordered -- and I think this is
actually reflected in a request from Mr. Welton in a
pro se filing -- if you would consider continuing the
arraignment for 60 days, I think that would allow ample
time for, at least, the process regarding the Court's
ordered evaluation to begin and also for new counsel to
get up to speed.

THE COURT:  Okay.  On the basis of the
requests entered pro se and the Court's decision to
relieve Dysart and Willis of their role, the Court has
determined that the ends of justice outweigh the
interests of the defendant and the public in a speedy
trial.  Delay occasioned by the continuance for the

purposes of executing the evaluation shall be excluded
in computing the defendant's speedy trial time pursuant
to Title 18, United States Code, Section 3161(h)(7)(A).

I'm not going to set a date for arraignment
pending the evaluation.

MR. DYSART:  Thank you, Your Honor.

Your Honor, would you have us file a motion
to withdraw and a proposed order consistent with the
Court's remarks?

THE COURT:  I think that would be best for
keeping our record clean.

MR. DYSART:  Thank you, Your Honor.

THE COURT:  Thank you, counsel.

Anything further, Ms. Wilson?

MS. WILSON:  No, sir, not from the
government.

THE COURT:  All right.

(Proceedings concluded at 11:39 a.m.)

**C E R T I F I C A T E**


     I certify that the foregoing is a correct
transcript from the record of proceedings in the
above-entitled matter.


/s/Risa A. Kramer                    3/26/2024

Risa A. Kramer, RMR, CRR                Date