United States District Court
For the Eastern District of North Carolina
Western Division
No: 5:23 CR-00192-M-RN-1

)
United States of America )
)
v. ) Motion to Remove Counsel
)
Eric Charles Welton )
Defendant )

Defendant, Eric Charles Welton, moves the court to replace current counsel with substitute counsel on the grounds of current counsel's inability to communicate with Defendant in an effective and timely manner. Lack of said communication has and continues to introduce substantial delays in the resolution of the matter before the court.

In defense of current counsel's lack of action, Defendant notifies the court of the severely adverse conditions of communication obtaining since the United States Marshals Service (USMS) moved Defendant to Columbus County Detention Center (CCDC) on or about 24-Jan-24. CCDC allows attorney/client video calls for Defendant on Thursdays only, resulting in a total of only approximately 10 possible communication events since the move. This specific and limited time window does not always coincide with counsel's personal and professional schedule and CCDC is not flexible. Consequently, approximately 50% of the available communication opportunities have been lost, including the most recent

three weeks - of which 11-Apr-24 was the last.

Additionally, Defendant has not heard from counsel via any other communication channel and current counsel, like prior counsel, refuses to communicate with Defendant over any channel that is auditable or by which counsel can be held accountable. Counsel has not responded to written communication or telephony and must now be considered divorced from the case.

At the time of last contact, in early March 2024, Defendant had received partial responses to questions posed in December 2023 regarding plea agreement frontmatter. For example, as originally asked in July 2023, would Defendant's wife's business Android devices be returned - they were mistaken for phones and fallaciously used by AUSA Gregory Radics in securing Defendant's detention while rightful owner still requests custody of devices for resumption of business activities. Defendant continues to await written confirmation regarding this, as well as other issues in a potential plea agreement. While no conflict is apparent, the lack of communication with counsel continues to substantially delay the case. In the absence of counsel Defendant has completed almost all preparatory casework for either trial or sentencing via his non-counsel defense network. This has resulted in substantial stress on Defendant's family and has escalated tensions between Defendant and CCDC, involving multiple state and federal agencies.

Defendant believes the public's best interests are served by obtaining new counsel at this time. Care must be taken in the selection of new counsel as the problems causing the immediate delay stem directly from the

USMS decision to move Defendant to CCDC, which has a severely isolating communication policy. Defendant urges the court to consider both warehousing and the selection of counsel together. A change of warehouse may be in order. CCDC does not have a postal mail access policy and does not allow access to mail reliably, which complicates access to case material. CCDC allows use of attorney/client video calls only once per week due to internal administrative confusion. Legal reference material, such as books and including the law library are not allowed, placing further burden on the strained attorney video calls. CCDC does not provide notary services which complicates information release in preparation for trial or sentencing.

These factors mean that counsel will be required to make multiple in-person trips to Whiteville NC in order to completely resolve this case. This is well known to CCDC staff and thus to the USMS. In fact CCDC First Sgt. Jenkins suggested to Defendant that current counsel make a daily 6-hour round trip drive from Raleigh in order to supervise reading mail which could have been digitally delivered. USMS-Raleigh has been non-responsive when asked for assistance in these matters. The court should also be advised that Defendant has contacted Assistant Director, Prisoner Operations A. Sawyer at USMS Headquarters for assistance in the event that the lack of response from USMS-Raleigh was related to the fact that USMS-Raleigh shares an office with the primary complaintant on this case.

Lastly, the optimal counsel should be internationally traveled enough so as to posess fumiliarity with the operations of the State Department

and foreign emmigration practices. Furthermore, due to the mishandling of electronics by AUSA Gregory Radics and the role of electronic communications in this case, counsel should be technically savvy, ideally posessing familiarity with the CAN-SPAM Act of 2003, related rulings, the GDPR, and the culture of digital rights activism. Due to the political overtones of this case and the fact that Defendant was assaulted by Trump activists, a politically sympathetic attorney will avoid distracting ideological conflict during a year in which the nation revisits the very situation which birthed the events leading to these charges.

An internationally traveled, technically savvy, profoundly ethical, non-Trump loyalist in the local or Wilmington area will have no trouble quickly stepping in, assisting with plea finalization, ideally avoiding a trial, and overseeing sentencing. This course of action expedites resolution, minimizes taxpayer burden, and best serves the public interest.

This the 11th day of April 2024.

Eric Charles Welton
Defendant