UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:23-CR-00192-M

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | REQUEST FOR DISCOVERY |
| ) | |
| ERIC CHARLES WELTON ) | |

NOW COMES the defendant, Eric Charles Welton, by and through his attorney, Nardine Mary Guirguis, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and requests that the United States Government voluntarily provide discovery materials concerning the following matters:

(1) All written or recorded statements made by the defendant whether recorded on audiotape or videotape that were either made before he was arrested or after he was arrested, specifically including: (1) all such audiotapes and videotapes which include conversations between the defendant and any person the Government contends is an agent of the defendant and (2) all such audiotapes and videotapes which include conversations between the defendant and any person the Government contends is an agent of the defendant, and including transcripts and summaries of these audiotapes and videotapes.

(2) All oral statements made by the defendant whether recorded on audiotape or videotape that were made before the defendant was arrested or after he was arrested, specifically including: (1) all such audiotapes and

videotapes which include conversations between the defendant and any person the Government contends is an agent of the defendant; and (2) all such audiotapes and videotapes which include conversations between the defendant and anyone else; and including transcripts and summaries of these audiotapes and videotapes. The defendant further requests that the Government reveal and disclose the substance of any oral statement made by the defendant in response to questioning by any person then known by the defendant to be a Government agent, regardless of whether the statement was made before or after arrest.

(3) All written reports, audiotapes, and videotapes that either reference or contain conversations that occurred between the defendant and anyone else, including transcripts and summaries of all audiotapes and videotapes.

(4) All written, recorded, or oral statements of any person the Government contends is an agent of the defendant, whether recorded on audiotape or videotape, including transcripts and summaries of all audiotapes and videotapes.

(5) A copy of a complete and exact prior criminal record of the defendant, both as an adult and juvenile, that is made available to the United States Attorney.

(6) Reveal and disclose whether there has been any electronic surveillance, eavesdropping, interceptions of communications, wiretapping, listening, or any similar investigative techniques used in the investigation of

this case. If the above methods have been used, the defendant requests that the Government provide the defendant's attorney with a copy of any recordings, any log reflecting the date of that recording, and the names of the government agents who participated in the recordings.

(7) Any conversation entered into by the defendant that has been electronically recorded, attached with a complete copy of such tape or recording, the authority for making such recording, and the date the recording was made.

(8) Any books, papers, documents, photographs, motion pictures, or mechanical electronic recordings and/or other tangible objects in the possession of the government, specifically including:

a) Photographs, audiotapes, and videotapes made prior to the time that the defendant was arrested; and

b) Photographs, audiotapes, and videotapes made at the scene of the crimes alleged in the indictment and at any locations that were searched by government agents.

(9) All results or reports of physical or mental examinations, tests, measurements, or experiments made in connection with this case which are known to the government or which may become known to the government.

(10) Any physical evidence, or a sample of it, available to the United States Attorney, specifically including all audiotapes, videotapes, and

photographs made prior to the day that the defendant was arrested, and at the scene of the crime when he was arrested.

(11) A copy of any prior criminal records of any person the Government contends is an agent of the defendant.

(12) Written copies of any and all statements of persons interviewed or examined by the investigating officers, or any other governmental agency, in connection with this case which statements are, or may be, exculpatory or favorable to the defendant on the issues of either guilt or punishment.

(13) Written copies of any and all statements of all persons interviewed or examined by the investigating officers, or any other governmental agency, in connection with this case which statements are, or may be, relevant to any of the issues in this prosecution.

(14) A written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, including a description of the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications.

(15) Copies of all search warrants that were obtained in this matter, returns on all search warrants, and an inventory of every item of evidence seized during any of these searches.

(16) Any and all other evidence now in the possession of the United States Attorney, or any other governmental agency, which is favorable to the defendant.

(17) Any report related to a confidential informant and his or her involvement in this case, specifically including any role played by a confidential informant and all statements made by any such confidential informant.

(18) Any and all statements made in any form by the defendant or which is attributed to the defendant; or

(19) Any and all assertions or records or matters which are in any way related to this matter or will be used by the United States Government in any way;

(20) Or any material which in any way could be used by the defense that is or could or should be in the possession of the United States Government.

(21) Any other disclosure which the United States Attorney wishes to make in the interests of justice.

Respectfully Submitted,

This 6th day of May 2024.

>GUIRGUIS LAW, PA
>
>/s/ Nardine Mary Guirguis
>Nardine Mary Guirguis
>434 Fayetteville St., Suite 2140
>Raleigh, North Carolina 27601
>Telephone: (919) 832-0500
>Facsimile: (919) 246-9500
>nardine@guirguislaw.com
>
>*Designation: Retained*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the Assistant Attorney for the United States via CM/ECF, electronic filing system through the following email address:

>Lori B. Warlick
>United States Attorney's Office - EDNC
>150 Fayetteville Street, Suite 2100
>Raleigh, NC 27601
>919-856-4286
>Email: lori.b.worlick@usdoj.gov

This 6th day of May 2024.

>GUIRGUIS LAW, PA
>
>/s/ Nardine Mary Guirguis
>Nardine Mary Guirguis