UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:23-CR-00192-M-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>) MOTION TO WAIVE PRESENTENCE<br>v. ) REPORT AND BE SENTENCED AT<br>) ARRAIGNMENT<br>)<br>ERIC CHARLES WELTON ) | |

NOW COMES Defendant, Eric Welton, by and through undersigned counsel, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), and respectfully requests that this Honorable Court waive any requirements for a presentence report (PSR) and sentence Mr. Welton at his arraignment on April 7, 2025. The information in the record concerning Mr. Welton's history, characteristics, and the facts and circumstances of the offense enable this Court to meaningfully sentence Mr. Welton without a PSR.

### STATEMENT OF FACTS

After making a serious of phone calls to political offices in North Carolina, a grand jury indicted Mr. Welton with threatening to assault and murder a United States Senator and his staff with intent to retaliate against them on account of performance of their official duties and threatening to assault and murder United States Marines at the United States Consulate in Chiang Mai, Thailand with intent to retaliate against them on account of the performance of their official duties. D.E. 16.

Mr. Welton was living in Thailand at the time of his indictment and travelling in Africa for work. His passport was revoked at some point, and he was given a temporary passport to

1

return to the United States. A detention hearing was held in the Northern District of Georgia, and Mr. Welton was ordered detained before being transferred to this district. D.E. 15.

**ARGUMENT**

Both the Federal Rules of Criminal Procedure and the Sentencing Guidelines expressly provide that a district judge may sentence a defendant without a presentence report if "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its findings on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii); U.S.S.G. § 6A1.1(a)(2).

Here, information in the record lays out Mr. Welton's background and the nature of the offense. This Court heard testimony from Mr. Welton during a motion hearing in 2024. D.E. 44. During that hearing, Mr. Welton testified about his father and his extensive education, which includes two bachelor's degrees and one master's degree. *Id.* at 5:7–18, 7–8:10–15. He told the Court about his twenty-year relationship with his wife, their daughter, and their life in Pai, Thailand over the last eighteen years. *Id.* at 5:10–18. He described his work history and skills in computer science. *Id.* at 7–8. He also detailed the medications he takes for post traumatic stress disorder and his heart. *Id.* at 6:3–4. This information, plus the sentencing memorandum undersigned will file, provide the same information a PSR would regarding Mr. Welton's history and characteristics.

Regarding the nature and seriousness of the offense, the complaints and detention hearing transcript describe in detail Mr. Welton's actions leading up to his indictment and arrest. D.E. 5, 15, 16; *see* Exhibit 1 (Detention Hearing Transcript). These facts will also be addressed in the sentencing memorandum undersigned intends to file in conjunction with this motion.

2

Finally, the parties have entered into a plea agreement in which they have agreed to several stipulations. Those include stipulations regarding the United States Sentencing Guidelines (USSG) and a recommendation of a sentence of time served. Although the parties agree on a sentence of time served, undersigned will outline the Guidelines she believes apply:

1. The parties agree that USSG § 2A6.1(a)(1) applies and provides a base offense level of 12.     12
2. They also agree that a two-point upward adjustment under USSG § 2A6.1(b)(2)(A) applies.     +2
3. A six-point upward adjustment under USSG § 3A1.2(b) also applies per the stipulation in the plea agreement.     +6
4. Because Mr. Welton has zero criminal history points, he qualifies for a two-point reduction under USSG § 4C1.1.     -2
5. Finally, a three-point downward adjustment for acceptance of responsibility under USSG § 3E1.1 applies as stipulated.     -3

                                                                          Total: 15

Mr. Welton is in a criminal history category I. That results in a guideline range of 18–24 months.[1]

Mr. Welton has been in custody since May 2023, which is twenty-three months. At the time of his arraignment, therefore, Mr. Welton will be near the top of his guideline range. The parties agree that a sentence of time served is sufficient but not greater than necessary in this matter.

---

[1] It is undersigned's position that Mr. Welton qualifies for § 4C1.1 because he did not make any credible threats of violence. There is no indication Mr. Welton had the ability or intention to act on the threats he made in the phone calls in this matter. He was in Thailand at the time and has no history of violence. Should the Court disagree, Mr. Welton's guideline range would be 24–30 months.

Ultimately, the cumulative information already on the record details the facts necessary for this Court to meaningfully analyze the § 3553 factors and impose a sentence that is sufficient but not greater than necessary. For these reasons, Mr. Welton respectfully requests that this Court waive drafting of the PSR and sentence him at his arraignment.

## CONCLUSION

Mr. Welton submits that there is sufficient information on the record for this Court to meaningfully sentence him without the need for a PSR. He therefore respectfully requests that this Court waive the PSR requirement and sentence him at his arraignment to a term of time served.

Respectfully submitted this 31st day of March 2025.

GUIRGUIS LAW, PA

/s/ Nardine Mary Guirguis
Nardine Mary Guirguis
434 Fayetteville Street, Suite 2140
Raleigh, North Carolina 27601
Telephone: (919) 832-0500
Facsimile: (919) 246-9500
nardine@guirguislaw.com
N.C. Bar No. 35319

*Designation: Retained*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the Assistant Attorney for the United States via the CM/ECF filing system to the electronic mail address below:

> Lori B. Warlick
> United States Attorney's Office - EDNC
> 150 Fayetteville Street, Suite 2100
> Raleigh, NC 27601
> 919-856-4530
> Email: Lori.b.warlick@usdoj.gov

This 31st day of March 2025.

GUIRGUIS LAW, PA

/s/ Nardine Mary Guirguis
Nardine Mary Guirguis

*Retained*
